**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BILLY E. BURKE, *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 10-1317 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| GAPCO ENERGY, LLC., *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before this Court are three related motions *in limine* filed by Defendants. The first is

Defendant Sylvan's motion to preclude Plaintiff's arguments regarding contract interpretation

and parol evidence. (Doc. 93). A second motion *in limine*, filed by Defendant EQT, merely

expresses that Defendant's desire to join in the first motion. (Doc. 89). Finally, Defendant EQT

moves to preclude the testimony of Gary McChesney. (Doc. 87).

As to the motions regarding contract interpretation and parol evidence, Defendant Sylvan

argues that this Court, in an earlier order denying summary judgment, see (Doc. 71), had

conclusively interpreted, as a matter of law, Paragraph 12 of the oil and gas lease that is central

to this case. (Doc. 94 at 2). That paragraph states, explicitly:

> [i]f, at the expiration of the primary term, oil or gas is not being
> produced in paying quantities from the premises, or lands pooled
> therewith, but Lessee is then engaged in operations thereon, this
> lease shall remain in force so long as operations are prosecuted
> (whether on the same or different wells) with no cessation of more
> than ninety (90) consecutive days, and if they result in production,
> so long thereafter as oil or gas is produced in paying quantities
> from the premises or lands pooled therewith. The term
> "operations" as used in this lease shall include but not be limited to
> the drilling, testing, completing, (including by horizontal and slant
> hole well completion techniques) reworking, recompleting,
> deepening, plugging back, or repairing of a well (and all work

preparatory, incident or related to any such operation) in search for
or in an endeavor to obtain, restore, maintain, or to increase
production of oil, liquid hydrocarbons, or gas, or any of them.

(Doc. 6-2 ¶ 12).  In the underlying order denying summary judgment, this Court held

The language of Paragraph 12 of the lease is extremely broad. . . .
it is clear that Defendants' alleged actions of clearing access roads,
beginning tree removal between the Burke-2 and Burke-3 Wells,
stacking trees along the roadway for the damages claim evaluation,
and clearing, leveling and developing the well pad of the Burke-3
Well – all during the pendency of a permit application with the
DEP – qualify as "work preparatory, incident or related" to the
activities explicitly described in Paragraph 12.

(Doc. 71 at 5).  Defendants assert that, under the parol evidence rule, this interpretation as well

as the lease's subsequent integration clause, see (Doc. 6-2 ¶ 15), preclude Plaintiff from

presenting evidence at trial of conversations or negotiations that took place prior to the signing of

the lease.  (Doc. 94 at 3) (citing Mellon Bank Corp. v. First Union Real Estate Equity and Mortg.

Invs., 951 F.2d 1399, 1405 (3d Cir. 1991) (additional citations and parentheticals omitted)).

Plaintiffs respond that Paragraph 12 is not unambiguous, and argue that this Court did

not, in fact, interpret its meaning in its prior order.  (Doc. 98 ¶¶ 4-7; Doc. 102 ¶¶ 4-7).  In support

of this contention, they cite to this portion of the order: "[f]urthermore, there remains doubt as to

whether Plaintiffs' version of facts, if proven, would constitute 'operations,' even under the

broad terms of the lease."  (Doc. 71 at 6).

If taken out of context, the above passage might lend support to Plaintiffs' argument.

However, when read in connection with the entirety of the order, it is clear that this statement is a

comment on the ambiguity of the evidence submitted by the parties – which was so sparse that

this Court could not determine what, if anything, had been done to further "operations" on

Plaintiffs' property.  Indeed, the evidence submitted by Plaintiffs was far from conclusive, and

ultimately was based on photographs and affidavits that were imprecise and open to multiple

interpretations.  As such, the doubt referenced by this Court related not to the terms in Paragraph

12, which, when read in within the four corners of the lease, are unambiguous.  Instead, what is

unclear, even if Plaintiff's version of facts were taken as true, is what actually occurred on their

property.  See (Doc. 62 at 6; Doc. 62-1 ¶ 19; Docs. 62-2 – 62-15; 62-23 – 62-24).  Accordingly,

the parol evidence rule bars the admission of "[a]ll preliminary negotiations, conversations, and

verbal agreements[,]" and the like, that predate the written lease, as evidence of  the lease's

meaning.  Mellon Bank Corp., 951 F.2d at 1405 (citations and internal quotes omitted).

     Plaintiffs attempt to salvage their position by arguing that they are "entitled to provide

evidence of statements made by Defendant[s] to show [their] lack of credibility . . ." and that

precluding this evidence would "unjustly prejudice[]" them.  (Doc. 98 ¶¶ 9, 11).  While Plaintiffs

cite to no authority to support this position – or even provide any further explanation of their

argument – it appears that they may intend to introduce prior inconsistent statements of

Defendants' witnesses to impeach their testimony at trial.  See Fed. R. Evid. 613.

     Such an argument – if, indeed, Plaintiffs intend to make it – is unpersuasive.  As the

parties should be well aware, this Court already has interpreted the meaning of Paragraph 12 of

the lease as a matter of law.  As such, the only remaining factual questions, with respect to the

issue of Defendants' liability, are the amount and character of the work that was performed on

Plaintiffs' property prior to November 6, 2010.  Indeed, lest there be any confusion, the

undersigned expressly informed Plaintiffs of this fact at the settlement conference in this case.

The introduction of parol evidence at trial likely would confuse and mislead the jury as to its role

in these proceedings, leading it to engage in its own interpretation of the terms of the lease.

Additionally, the probative value of this evidence is low with respect to the remaining factual issues.  Simply put, a jury is quite capable of resolving the issue of what sort of work was performed by Defendants without the benefit of the impeachment of witnesses by means of parol evidence.  As such, this evidence, even for impeachment purposes, is precluded by Rule 403.

Finally, this Court will address Defendant EQT's motion *in limine* to preclude testimony of Gary McChesney. (Doc. 87).  Defendant EQT characterizes McChesney's expected testimony as relating to parol evidence.  (Doc. 88 at 4)  Additionally, Defendant EQT asserts that, because McChesney was not present on Plaintiffs' property on November 5, 2010, his testimony relating to matters outside of parol evidence somehow must be irrelevant.  Id.

While Plaintiffs argue that McChesney should be allowed to present parol evidence, they also assert that McChesney was an eyewitness to the amount of damage caused to Plaintiffs' property by Defendants subsequent to the alleged expiration of the lease.  (Doc. 100 ¶ 3).  Under Rule 701 of the Federal Rules of Evidence, such eye witness testimony, to the extent that it is based on McChesney's own perception and not on scientific, technical, or other specialized knowledge, is permissible.  Parol evidence from Mr. McChesney is precluded.

AND NOW, on this 27th day of September, 2012,

IT IS HEREBY ORDERED that Defendant Sylvan's motion *in limine* to preclude Plaintiffs' arguments regarding contract interpretation and parol evidence (Doc. 93) is GRANTED.

IT IS FURTHER ORDERED that Defendant EQT's motion *in limine* to preclude Plaintiffs' arguments regarding contract interpretation and parol evidence (Doc. 89), which is

explicitly stated to be merely an adoption of the same motion filed by Defendant Sylvan, is GRANTED.

IT IS FURTHER ORDERED that Defendant EQT's motion *in limine* to preclude testimony of Gary McChesney (Doc. 87) is GRANTED in part and DENIED in part.


September 27, 2012                              s\Cathy Bissoon
                                               Cathy Bissoon
                                               United States District Judge

cc (via ECF email notification):

All Counsel of Record